CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, ) | Civil Action No. 7:18-cv-00474 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| U.S. DISTRICT COURT, ROANOKE ) | |
| DIVISION, et al., ) | By: Michael F. Urbanski |
|     Defendants. ) | Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, commenced this civil action as a "petition for writ of mandamus." Plaintiff names as defendants the "U.S. District Court, Roanoke Division" and Harold Clarke, the Director of the Virginia Department of Corrections. Plaintiff is upset about how a judge of this court has ruled adversely on his motions and cases, the conduct of correctional and medical staff at Red Onion State Prison ("ROSP") in 2017 and the summer of 2018, the availability of administrative remedies at ROSP, and other inmates' threats of harm. As relief, Plaintiff asks the court to order state officials to deliver him before a federal magistrate judge to file criminal charges, to process his grievance forms, and to render unspecified medical treatment.

The petition is dismissed as frivolous because the court cannot grant the mandamus relief Plaintiff seeks. See, e.g., Neitzke v. Williams, 490 U.S. 319, 328 (1989). The court lacks jurisdiction to grant mandamus relief against state officials or state agencies. See 28 U.S.C. § 1361; see, e.g., Gurley v. Superior Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). The court does not have the authority to investigate alleged criminal activity. See, e.g., Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978) (recognizing the investigation of crime is primarily an executive function).

Moreover, the court declines to construe the petition as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as it fails to state a cognizable federal claim against the named defendants. To state a claim for relief under § 1983 or Bivens, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of law. West v. Atkins, 487 U.S. 42 (1988); see Farmer v. Brennan, 511 U.S. 825, 839-41 (1994) (indicating that case law involving § 1983 claims is applicable in Bivens actions and vice versa). First, the United States District Court is not a "person" subject to suit in a civil rights action. Fixel v. United States, 737 F. Supp. 593, 598 (D. Nev. 1990). Second, Meyers' petition alleges no facts against or conduct committed by Harold Clarke, and supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978); Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001). Accordingly, Meyers' allegations fail to state a civil rights claim against the named defendants.

For the foregoing reasons, the court dismisses the action as frivolous.[1]

ENTER: This 2nd day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[1] The court notes, however, that this dismissal does not impact Meyers' ability to file a civil rights action based on certain claims in his petition and against appropriate defendants, subject to the provisions of the Prison Litigation Reform Act.

2